**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.  1:19-cv-00282-DDD-NRN

SHELLY STUBBS, an individual

        Plaintiff,

v.

KRATOS RT LOGIC, INC., a Delaware corporation,

        Defendant.

---

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**

---

Defendant, Kratos RT Logic, Inc. ("KRTL" or the "Company"), and Plaintiff, Shelly Stubbs, by and through their undersigned counsel, respectfully submit the following Joint Statement Regarding Discovery Dispute, pursuant to Judge Neureiter's Practice Standards.

**I.     KRTL's Position**

To date, KRTL has afforded Ms. Stubbs **four** extensions of time to provide her responses to KRTL's Discovery Requests. *See* Exhibit 1 (KRTL's Discovery Requests). Her responses were initially due approximately 2 ½ months ago, but have still not been served. Ms. Stubbs' failure to comply with her discovery obligations has impeded KRTL's ability to defend against Ms. Stubbs' claims and is causing a cascading delay of discovery in this case. Thus, KRTL respectfully submits that the Court should compel Ms. Stubbs to respond to KRTL's Discovery Requests within one week, and, if Ms. Stubbs fails to comply, dismiss this case with prejudice.

On May 1, 2019, the Court entered a Scheduling Order, which sets a discovery cut-off of November 15, 2019. (Doc. No. 17 at § 9(b).)

On May 6, 2019, the parties each served written discovery requests upon the other. Thus, each side's responses to the other's discovery requests were initially due on June 5, 2019.

On May 31, 2019, the parties stipulated to a 21-day mutual extension of time to submit responses to their written discovery requests, which extended the time for each to respond to the other's discovery requests to June 26, 2019. (Doc. No. 23).

On the afternoon of June 26, 2019, Ms. Stubbs' counsel, Ms. Beckman, requested a second extension to exchange discovery responses to July 3, 2019. Ms. Beckman indicated that Mr. Stubbs' son had been hospitalized, which had delayed her ability to gather information to respond to discovery requests. KRTL immediately agreed to the extension. *See* Exhibit 2.

On the morning of July 3, 2019, KRTL's counsel e-mailed Ms. Beckman to confirm that discovery responses were still set to be exchanged that day. That afternoon, Ms. Beckman requested a third extension to July 17, 2019, again indicating that Ms. Stubbs' son's medical condition necessitated the extension. KRTL again agreed to the extension. *Id.*

On the morning of July 17, 2019, KRTL's counsel inquired whether Ms. Stubbs would be serving her discovery responses that day. Ms. Beckman then called KRTL's counsel and requested a fourth extension. After considering Ms. Stubbs' fourth request for an extension, KRTL responded via e-mail that it would be agreeable to an extension if the parties could agree on how discovery would proceed over the next few months. Specifically:

1. Ms. Stubbs would agree to sit for an independent medical examination (an "IME") sometime in the first half of September 2019;[1]

2. The IME would occur before Ms. Stubbs' deposition; and

3. Ms. Stubbs' deposition would occur before any other depositions held in this case.

Given the discovery cut-off was four months away and the difficulties that Ms. Stubbs to date had demonstrated with meeting deadlines, KRTL felt these terms were appropriate to ensure that it could conduct discovery relating to its defenses within the discovery period. Plaintiff agreed to these terms, and the parties agreed to exchange discovery responses on August 7, 2019. The parties also thereafter agreed that Ms. Stubbs' IME would occur on September 11, 2019.[2]

Over the days leading up to August 7, 2019, counsel for KRTL e-mailed and called counsel for Ms. Stubbs multiple times to confirm that she would meet the August 7 deadline. During these communications, KRTL's counsel specifically noted that KRTL required the medical and psychotherapy releases (the "Releases," *see* Ex. 1 at Ex. B & C), which were appended to its Discovery Requests, as soon as possible so that Ms. Stubbs' medical providers

---

[1] KRTL requires an IME here because Ms. Stubbs alleges she is disabled and that KRTL failed to reasonably accommodate her disability. KRTL generally denies these allegations, and lacks information about Ms. Stubbs's current medical and/or psychological conditions, as well as the nature, extent, or cause of any of Ms. Stubbs's past or current medical and/or psychological limitations. *See* Answer to First Amended Complaint (Doc. No. 22) ¶ 110. KRTL further denies that Ms. Stubbs is a qualified individual with a disability and that Ms. Stubbs' requested accommodations were reasonable. *See id.* at p.38, Defenses & Affirmative Defenses, at ¶¶ 26, 28. Therefore, Ms. Stubbs' medical and/or psychological condition is in controversy. *See* Fed. R. Civ. P. 35(a) ("The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.").

[2] KRTL intends to submit a motion for an IME, as required by Fed. R. Civ. P. 35. Ms. Beckman has indicated that this motion will be unopposed. KRTL has not yet submitted the motion because it "must specify the time [and] place . . . of the examination," *id.* 35(a)(2), and, as discussed below, it is unclear whether the IME will in fact occur on September 11 due to Ms. Stubbs' continuing failure to participate in discovery.

would release her medical files. KRTL's expert requires these files in order to prepare for the IME on September 11, 2019. Given that the period between August 7 and the agreed-upon date of September 11 for the IME was relatively short—Ms. Stubbs' medical providers would have to produce the files pursuant to a subpoena, and KRTL's expert would then need sufficient time to review the files—KRTL wanted to ensure that Ms. Stubbs would provide the releases by August 7. However, counsel for Ms. Stubbs did not respond.

Unfortunately, on August 7, 2019, Ms. Stubbs did not serve her responses to the Discovery Requests, nor did she provide the Releases. Per the parties' agreement, KRTL served its responses to Ms. Stubbs' discovery requests on August 7.

On August 8, 2019, KRTL's counsel e-mailed counsel for Ms. Stubbs to confer on a motion to compel relating to her client's delinquent discovery responses. *See* Exhibit 3. In the conferral e-mail, KRTL reiterated that, besides not responding to KRTL's Discovery Requests, Ms. Stubbs also had not returned the Releases. Leaving aside the fact that Ms. Stubbs' failure to timely provide responses to KRTL's Discovery Requests violates the Federal Rules, it also has caused a logjam for all discovery: the parties have agreed that Ms. Stubbs' IME will occur before deposition discovery, but the IME cannot occur if Ms. Stubbs does not respond to the Discovery Requests.

Counsel then spoke telephonically on Friday, August 9, 2019. During the call, Ms. Beckman indicated that she still had not received the documents from her client she required to respond to KRTL's Discovery Requests, nor had she obtained the Releases. She indicated she would endeavor to get the documents by early in the week of August 12. However, to date, Ms. Stubbs has not provided any responses to KRTL's Discovery Requests, including the Releases.

4

KRTL is sympathetic to Ms. Stubbs' personal issues, which is why the Company repeatedly agreed to her requests for extensions of time. However, KRTL has been very accommodating to Ms. Stubbs, and her failure to respond at all to the Company's Discovery Requests—even something as simple as providing her signature to the Releases—is impeding KRTL's ability to defend against Ms. Stubbs' claims. Thus, KRTL requests that the Court compel Ms. Stubbs to respond in full[3] to KRTL's Discovery Requests, including returning the Releases, **within one week**. Additionally, KRTL respectfully requests that the Court sanction Ms. Stubbs to pay KRTL's reasonable expenses incurred in conferring with Ms. Stubbs' counsel since June 26 and in making this application, including its attorneys' fees, under Rule 37(a)(5).

Should Ms. Stubbs not meet this deadline, KRTL submits that Ms. Stubbs' claims should be dismissed for failure to comply with her discovery obligations and to comply with a court order. *See Stransky v. Healthone of Denver, Inc.*, No. 11-CV-2888-WJM-MJW, 2014 WL 2993705, at *2 (D. Colo. July 3, 2014) (dismissing claims of plaintiffs who "failed to comply with the court's order concerning providing the discovery responses"). Dismissal of Plaintiff's claims would be warranted Rule 37(b)(2)(A), Rule 41.1(b), Local Rule 41.1, and the Court's inherent power. *See AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to

---

[3] Having failed to timely respond to the Discovery Requests, Ms. Stubbs has waived her objections (if any) to the interrogatories and requests for production, and admitted the requests for admission, in KRTL's Discovery Requests. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Fed. R. Civ. P. 36(a)(3); *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorneys."). Considering the multiple extensions KRTL afforded Ms. Stubbs and her continued failure to participate in discovery, good cause to excuse Ms. Stubbs' delinquency does not exist.

prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted); *Edmond v. Broadmoor Hotel, Inc.*, No. 13-CV-03262-RBJ-KLM, 2015 WL 1598063, at *4 (D. Colo. Apr. 8, 2015) (dismissing action under Local Rule 41.1 where plaintiff "has refused to engage in discovery," among other deficiencies).

**II.    Ms. Stubbs's Position**

Both Parties submitted discovery requests on the same day, May 6, 2019. Thereafter, both Parties stipulated to a 21-day mutual extension of time to submit their written discovery requests. On June 26, 2019, undersigned counsel notified KRTL's counsel that Ms. Stubbs' son was hospitalized and requested one (1) additional week to respond to the discovery requests. KRTL agreed to another mutual extension on July 17th. On July 17th, KRTL's counsel responded that it would be agreeable to an extension if the parties could agree on how discovery would proceed over the next few months, stating that responses/documents would be exchanged "sometime in July-mid-August." Ms. Stubbs agreed to sit for an independent medical examination ("IME"), to occur before her deposition and that her deposition would occur first. Undersigned counsel responded with August 7th as a proposed date for responses but never received confirmation from KRTL's counsel. The Parties also thereafter agreed that Ms. Stubbs' IME would occur on September 11, 2019.[4] On August 6, 2019, KRTL's counsel requested an extension of time for the proposed expert's report, to which Ms. Stubbs agreed.

KRTL served its responses to Ms. Stubbs' discovery requests on August 7, but did not provide any documents. On Friday August 8th, KRTL's counsel sent an email conferring on a motion to compel. Therein, counsel agreed to provide the releases by Wednesday, August 14th.

---

[4] The IME has not yet been approved by the Court and the Judge has ultimate discretion on whether or not to order this type of examination.

6

That afternoon, at 3:59, KRTL's counsel emailed the undersigned counsel noting that Wednesday, August 14th would not work and instead requesting the responses by Monday, August 12th. Undersigned counsel responded on Sunday, August 11th, noting that she would try to have the releases returned by the newly requested date. Ms. Stubbs is newly re-employed and has very limited access to outside email at work. Ms. Stubbs went to see a notary at her bank on Tuesday, August 13th; however, the bank was inexplicably not open on that day. Ms. Stubbs' son remains hospitalized for mental concerns and suicidal tendencies. Ms. Stubbs is infrequently able to use the computer at home and is working diligently to return the requested items. Ms. Stubbs is appreciative of KRTL's patience in this matter; however, the medical issues of her son are beyond her control and provide good cause for her delays. Ms. Stubbs' requests that the Court allow her three (3) weeks to provide her responses, as well as deny KTRL's request for dismissal of her litigation and request for attorney fees. *See*, Rule 37(a)(5)(A)(ii). Ms. Stubbs is not refusing to engage in discovery but needs additional time to comply with the requirements given the tumultuous, unexpected issues in her personal life.

| *s/ Kate W. Beckman* | *s/ David C. Gartenberg* |
|---|---|
| Bryan E. Kuhn | Erin A. Webber |
| Kate W. Beckman | David Charles Gartenberg |
| 1660 Lincoln St., Suite 2330 | LITTLER MENDELSON, P.C. |
| Denver, CO 80264 | 1900 Sixteenth Street, Suite 800 |
| Telephone: 303.424.4286 | Denver, CO 80202 |
| Bryan.Kuhn@beklegal.com | Telephone: 303.629.6200 |
| Kate.Beckman@beklegal.com | ewebber@littler.com |
|  | dgartenberg@littler.com |
| *Attorneys for Plaintiff* |  |
|  | *Attorneys for Defendant* |